UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. :0410718RGS

STEVEN HORNE and
RONALD BROWN,

Plaintiffs,

v.

CITY OF BOSTON,
SERGEANT ERIC BULMAN and
SERGEANT JOHN DAVIN.

Defendants.

## SERGEANT ERIC BULMAN'S ANSWER TO THE PLAINTIFFS' COMPLAINT

### INTRODUCTION

Sergeant Eric Bulman (hereinafter "Bulman") does not answer the allegations contained in the "Introduction" paragraph of Plaintiffs' complaint as those allegations consist of conclusory allegations and contentions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, Bulman denies all allegations made against him in this introductory paragraph.

### PARTIES

1. Bulman admits the allegations contained in paragraph 1.

2. Bulman admits the allegations contained in paragraph 2.

3. Bulman admits that he was the supervisor of Police Officer Steven Horne (hereinafter "Horne") and Police Officer Ronald Brown (hereinafter "Brown") until 22 May, 2000. Bulman admits the remaining allegations contained in paragraph 3.

4. Bulman admits that Sergeant John Davin (hereinafter "Davin")was the supervisor of Horne and Brown beginning on 22 May, 2000. Bulman admits the remaining allegations contained in paragraph 4.

5. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 5.

## FACTS

6. Bulman is without sufficient information to admit or deny the allegation that Horne and Brown were assigned to the Youth Violence Strike Force (hereinafter "YVSF") Day Tour Warrant Apprehension Unit on 11 August, 1999. Bulman is without sufficient information to admit or deny the allegation that the YVSF is a comparatively prestigious assignment, but denies that it is sought after because it involves more investigative work similar to that of what a Sergeant–Detective ranked officer performs. Bulman denies the remaining allegations contained in paragraph 6.

7. Bulman is without sufficient information to admit or deny the allegation that work within the YVSF brought great satisfaction to the Plaintiffs. Bulman admits that the YVSF was designed in part to reduce gang violence and recover weapons.

8. Bulman denies that Horne and Brown performed their jobs in an exemplary manner and with distinction. Bulman admits that Horne and Brown received

2

letters of commendation. Bulman denies the remaining allegations contained in paragraph 8.

9. Bulman denies the allegations contained in paragraph 9.

10. Bulman denies the allegations contained in paragraph 10.

11. Bulman denies that he advised other officers that the Plaintiffs should not have been transferred to the YVSF and that they were taking the places of two white officers. Bulman is without sufficient information to admit or deny the remaining allegations in this paragraph.

12. Bulman denies the allegations contained in paragraph 12.

13. Bulman denies the allegations contained in paragraph 13.

14. Bulman denies the allegations contained in paragraph 14.

15. Bulman denies the allegations contained in paragraph 15.

16. Bulman denies the allegations contained in paragraph 16.

17. Bulman denies that Horne and Brown advised him about their concerns of racism as described above. Bulman is without sufficient information to admit or deny the remaining allegations contained in paragraph 17.

18. Bulman admits that meeting with Horne, Brown, Bulman and Lieutenant Gary French (hereinafter "French") led to further discussion and short meetings and eventually to a meeting with the entire YVSF about racial concerns of black officers. Bulman denies all remaining allegations contained in paragraph 18.

19. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 19.

20. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 20.

21. Bulman is without sufficient information to admit or deny the allegation that French stated he was going to advise the Command Staff of the Boston Police Department (hereinafter the "Department") about the situation and Plaintiffs' complaints. Bulman is without sufficient information to admit or deny what French, the Command Staff of the Department or Davin did relative to the officers' complaints. Bulman denies all remaining allegations contained in paragraph 21.

22. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 22.

23. Bulman denies that during a Personnel Analysis Meeting (hereinafter "PAM"), Davin stated that Horne and Brown were poor performers. Bulman admits that Davin stated that Horne and Brown were secretive and were not team players. Bulman denies all remaining allegations contained in paragraph 23.

24. Bulman denies the allegations contained in paragraph 24.

25. Bulman admits that he and Davin would advise Horne and Brown that they should have waited for other officers to assist on the occasions that they made off duty or potentially dangerous arrests. Bulman admits that plaques, commendations and other honors are often bestowed on those making an arrest of a significant or dangerous fugitive or suspect. Bulman denies the remaining allegations contained in paragraph 25.

26. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 26.

27. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 27.

28. Bulman admits that Horne and Brown were transferred out of the YVSF. Bulman is without sufficient information to admit or deny the allegation that Horne was transferred to Area C-6 in South Boston and Brown to Area B-2 in Roxbury. Bulman denies the remaining allegations contained in paragraph 28.

29. Bulman denies the allegations contained in paragraph 29.

30. Bulman denies the allegations contained in paragraph 30.

31. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 31.

32. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 32.

33. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 33.

34. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 34.

35. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 35.

36. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 36.

37. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 37.

38. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 38.

## JURISDICTION

39. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

## CAUSES OF ACTION

### COUNT I – Violation of 42 U.S.C. §1983

40. Bulman repeats and incorporates herein his responses to paragraphs 1 through 39 of the complaint.

41. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

42. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

43. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is

required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

44. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

45. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

46. Bulman denies the allegations contained in paragraph 46.

47. Bulman denies the allegations contained in paragraph 47.

48. Bulman denies the allegations contained in paragraph 48.

49. Bulman denies the allegations contained in paragraph 49.

50. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

51. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

52. Bulman denies the allegations contained in paragraph 52.

53. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

COUNT II – Violation of 42 U.S.C. §1985

54. Bulman repeats and incorporates herein his responses to paragraphs 1 through 53 of the complaint.

55. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

56. Bulman denies the allegations contained in paragraph 56.

57. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

COUNT III – Violation of 42 U.S.C. §1981 and G.L. c. 93, §102

58. Bulman repeats and incorporates herein his responses to paragraphs 1 through 57 of the complaint.

59. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

60. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

61. Bulman denies the allegations contained in paragraph 61.

COUNT IV – Violation of 42 U.S.C. §2000e and G.L. c. 151B, §4

62. Bulman repeats and incorporates herein his responses to paragraphs 1 through 61 of the complaint.

63. Bulman admits the allegations contained in paragraph 63.

64. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

65. Bulman denies the allegations contained in paragraph 65.

66. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

67. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

68. Bulman denies the allegations contained in paragraph 68.

## COUNT V – Violation of Massachusetts Civil Rights Act

## G.L. c. 12, §11I

69. Bulman repeats and incorporates herein his responses to paragraphs 1 through 68 of the complaint.

70. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

71. Bulman denies the allegations contained in paragraph 71.

72. Bulman denies the allegations contained in paragraph 72.

73. Bulman denies the allegations contained in paragraph 73.

## COUNT V [sic] – Intentional Interference with Advantageous Business Relationship and Prospective Advantage

74. Bulman repeats and incorporates herein his responses to paragraphs 1 through 73 of the complaint.

75. Bulman admits the allegations contained in paragraph 75.

76. Bulman is without sufficient information to admit or deny the allegations contained in paragraph 76.

77. Bulman does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

78. Bulman denies the allegations contained in paragraph 78.

79.     Bulman denies the allegations contained in paragraph 79.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

There was no violation of Plaintiffs' First Amendment rights or speech rights pursuant to the Constitution or laws of the United States and the Commonwealth of Massachusetts.

### Third Affirmative Defense

To the extent the Complaint seeks a claim against Bulman in his official capacity, the Complaint fails as the City did not maintain an unconstitutional custom, pattern, policy or practice with respect to employment of the Plaintiffs.

### Fourth Affirmative Defense

To the extent the Complaint seeks a claim against Bulman in his official capacity, the Complaint fails as the City did not maintain a well-settled municipal custom, pattern, policy or practice which by its implementation was deliberately indifferent to the constitutional rights of the Plaintiffs.

### Fifth Affirmative Defense

To the extent the Complaint seeks a claim against Bulman in his official capacity, the Complaint fails as no decision or action by Bulman, or any other official of the City vested with policy making authority with respect to Plaintiffs' employment, was deliberately indifferent to the constitutional rights of the Plaintiffs.

### Sixth Affirmative Defense

To the extent the Complaint seeks a claim against Bulman in his official capacity, the Complaint fails as Bulman was not the proximate cause of any harm to Plaintiffs.

### Seventh Affirmative Defense

To the extent the Complaint seeks a claim against Bulman in his personal capacity, the Complaint fails as Bulman is shielded by the doctrine of qualified immunity.

### Eighth Affirmative Defense

To the extent the Complaint seeks a claim against Bulman in his personal capacity, the Complaint fails as Bulman was privileged to supervise Plaintiffs' employment based upon the legitimate business interests of the City.

### Ninth Affirmative Defense

To the extent the Complaint seeks a claim against Bulman in his personal capacity, the Complaint fails as Bulman did not possess an improper motive or actual malice or was deliberately indifferent to Plaintiffs' constitutional rights in his supervision of Plaintiffs' employment.

### Tenth Affirmative Defense

The Complaint fails to state a claim against Bulman pursuant to G.L. Ch. 12, §11I as Bulman did not engage in a concerted pattern of significant duress, which would put a reasonable person in fear by means of threats, intimidation or coercion.

### Eleventh Affirmative Defense

The transfer of both Horne and Brown was justified by legitimate and non-discriminatory concerns and therefore the Plaintiffs' claims should be dismissed.

### Twelfth Affirmative Defense

Bulman acted in accordance with the Constitution or laws of the United States and the Commonwealth of Massachusetts.

### Thirteenth Affirmative Defense

As Plaintiffs have suffered no injury, they lack standing and their complaint fails to state a case or controversy sufficient to give this Court jurisdiction to hear the Complaint.

### Fourteenth Affirmative Defense

The Plaintiffs are not entitled to punitive damages.

### Fifteenth Affirmative Defense

The Plaintiffs failed to establish a prima facie case with respect to their claims of discrimination based on race.

### Sixteenth Affirmative Defense

Bulman expressly reserves the right to amend this answer to assert any additional defenses which may subsequently come to light as a result of discovery or otherwise.

### Seventeenth Affirmative Defense

Bulman states that his acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore, the Plaintiffs cannot recover.

### Eighteenth Affirmative Defense

Bulman states that the Plaintiffs, by their conduct and actions and/or by the conduct and actions of their agents and servants, have waived any and all rights they may have had against Bulman.

### Nineteenth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted as it fails to show any factual connection between any alleged unconstitutional municipal custom,

pattern, policy or practice of the City and the violation of the Plaintiffs' constitutional rights.

### Twentieth Affirmative Defense

The Plaintiffs have not been deprived of any rights secured by either the constitution or the laws of the United States or Commonwealth of Massachusetts.

### JURY CLAIM

Bulman hereby demands a trial by jury as to all counts and causes of action.

Respectfully submitted,
DEFENDANT, Sergeant Eric Bulman
Merita A. Hopkins
Corporation Counsel
By their attorneys,

_____
Mary Jo Harris, Legal Advisor
BBO No. 561484
Kerri E. Tierney
BBO No. 634679
Assistant Corporation Counsel
Boston Police Department
Office of the Legal Advisor
One Schroeder Plaza
Boston, MA 02120
(617) 343-4550

**CERTIFICATE OF SERVICE**

I, Kerri E. Tierney, hereby certify that on this date I served copies of the foregoing documents upon counsel for the Plaintiffs, Stephen A. Roach, Esquire, of Roach & Wise, LLP 31 State Street, Boston, Massachusetts 02109.

5/14/04
Date