UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. :0410718RGS

| | |
|---|---|
| STEVEN HORNE and<br>RONALD BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BOSTON,<br>SERGEANT ERIC BULMAN and<br>SERGEANT JOHN DAVIN.<br><br>Defendants. | |

## SERGEANT JOHN DAVIN'S ANSWER TO THE PLAINTIFFS' COMPLAINT

### INTRODUCTION

Sergeant John Davin (hereinafter "Davin") does not answer the allegations contained in the "Introduction" paragraph of Plaintiffs' complaint as those allegations consist of conclusory allegations and contentions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, Davin denies all allegations made against him in this introductory paragraph.

### PARTIES

1. Davin admits the allegations contained in paragraph 1.

2. Davin admits the allegations contained in paragraph 2.

3. Davin admits that Defendant, Sergeant Eric Bulman (hereinafter "Bulman"), was the supervisor of Police Officer Steven Horne (hereinafter "Horne") and Police Officer Ronald Brown (hereinafter "Brown") until 22 May, 2000. Davin admits the remaining allegations contained in paragraph 3.

4. Davin admits that was he the supervisor of Horne and Brown beginning on 22 May, 2000. Davin admits the remaining allegations contained in paragraph 4.

5. Davin is without sufficient information to admit or deny the allegations contained in paragraph 5.

## FACTS

6. Davin is without sufficient information to admit or deny the allegation that Horne and Brown were assigned to the Youth Violence Strike Force (hereinafter "YVSF") Day Tour Warrant Apprehension Unit on 11 August, 1999. Davin is without sufficient information to admit or deny the allegation that the YVSF is a comparatively prestigious assignment, but denies that it is sought after because it involves more investigative work similar to that of what a Sergeant-Detective ranked officer performs. Davin denies the remaining allegations contained in paragraph 6.

7. Davin is without sufficient information to admit or deny the allegation that work within the YVSF brought great satisfaction to the Plaintiffs. Davin admits that the YVSF was designed in part to reduce gang violence and recover weapons.

8. Davin denies that Horne and Brown performed their jobs in an exemplary manner and with distinction. Davin admits that Horne and Brown received letters of commendation. Davin denies the remaining allegations contained in paragraph 8.

9. Davin is without sufficient information to admit or deny the allegations contained in paragraph 9.

10. Davin is without sufficient information to admit or deny the allegations contained in paragraph 10.

11. Davin is without sufficient information to admit or deny the allegations contained in paragraph 11.

12. Davin denies the allegations contained in paragraph 12.

13. Davin denies the allegations contained in paragraph 13.

14. Davin denies the allegations contained in paragraph 14.

15. Davin denies the allegations contained in paragraph 15.

16. Davin denies the allegations contained in paragraph 16.

17. Davin is without sufficient information to admit or deny the allegations contained in paragraph 17.

18. Davin is without sufficient information to admit or deny the allegations contained in paragraph 18.

19. Davin is without sufficient information to admit or deny the allegations contained in paragraph 19.

20. Davin is without sufficient information to admit or deny the allegations contained in paragraph 20.

21. Davin is without sufficient information to admit or deny the allegation that Lieutenant Gary French (hereinafter "French") stated he was going to advise the Command Staff of the Boston Police Department (hereinafter the "Department") about the situation and Plaintiff's complaints. Davin is without sufficient

information to admit or deny what French, the Command Staff of the Department or Bulman did relative to the officers' complaints. Davin denies all remaining allegations contained in paragraph 21.

22. Davin denies the allegations contained in paragraph 22.

23. Davin denies that during a Personnel Analysis Meeting (hereinafter "PAM"), Davin stated that Horne and Brown were poor performers. Davin admits stating that Horne and Brown were secretive and were not team players. Davin denies all remaining allegations contained in paragraph 23.

24. Davin denies the allegations contained in paragraph 24.

25. Davin admits that he and Bulman would advise Horne and Brown that they should have waited for other officers to assist on the occasions that they made off duty or potentially dangerous arrests. Davin admits that plaques, commendations and other honors are often bestowed on those making an arrest of a significant or dangerous fugitive or suspect. Davin denies the remaining allegations contained in paragraph 25.

26. Davin is without sufficient information to admit or deny the allegations contained in paragraph 26.

27. Davin is without sufficient information to admit or deny the allegations contained in paragraph 27.

28. Davin admits that Horne and Brown were transferred out of the YVSF. Davin is without sufficient information to admit or deny the allegation that Horne was transferred to Area C-6 in South Boston and Brown to Area B-2 in Roxbury. Davin denies the remaining allegations contained in paragraph 28.

29. Davin denies the allegations contained in paragraph 29.

30. Davin denies the allegations contained in paragraph 30.

31. Davin denies the allegations contained in paragraph 31.

32. Davin is without sufficient information to admit or deny the allegations contained in paragraph 32.

33. Davin is without sufficient information to admit or deny the allegations contained in paragraph 33.

34. Davin is without sufficient information to admit or deny the allegations contained in paragraph 34.

35. Davin is without sufficient information to admit or deny the allegations contained in paragraph 35.

36. Davin is without sufficient information to admit or deny the allegations contained in paragraph 36.

37. Davin is without sufficient information to admit or deny the allegations contained in paragraph 37.

38. Davin is without sufficient information to admit or deny the allegations contained in paragraph 38.

## JURISDICTION

39. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

## CAUSES OF ACTION

### COUNT I – Violation of 42 U.S.C. §1983

40. Davin repeats and incorporates herein his responses to paragraphs 1 through 39 of the complaint.

41. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

42. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

43. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

44. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

45. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is

required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

46. Davin denies the allegations contained in paragraph 46.

47. Davin denies the allegations contained in paragraph 47.

48. Davin denies the allegations contained in paragraph 48.

49. Davin denies the allegations contained in paragraph 49.

50. Davin does not answer the allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

51. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

52. Davin denies the allegations contained in paragraph 52.

53. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

## COUNT II – Violation of 42 U.S.C. §1985

54. Davin repeats and incorporates herein his responses to paragraphs 1 through 53 of the complaint.

55. Davin denies the allegations contained in paragraph 55.

7

56. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

57. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

### COUNT III – Violation of 42 U.S.C. §1981 and G.L. c. 93, §102

58. Davin repeats and incorporates herein his responses to paragraphs 1 through 57 of the complaint.

59. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

60. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

61. Davin denies the allegations contained in paragraph 61.

### COUNT IV – Violation of 42 U.S.C. §2000e and G.L. c. 151B, §4

62. Davin repeats and incorporates herein his responses to paragraphs 1 through 61 of the complaint.

63. Davin admits the allegations contained in paragraph 63.

64. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

65. Davin denies the allegations contained in paragraph 65.

66. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

67. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

68. Davin denies the allegations contained in paragraph 68.

## COUNT V – Violation of Massachusetts Civil Rights Act
## G.L. c. 12, §11I

69. Davin repeats and incorporates herein his responses to paragraphs 1 through 68 of the complaint.

70. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

71. Davin denies the allegations contained in paragraph 71.

72. Davin denies the allegations contained in paragraph 72.

73. Davin denies the allegations contained in paragraph 73.

## COUNT V [sic] – Intentional Interference with Advantageous Business Relationship and Prospective Advantage

74. Davin repeats and incorporates herein his responses to paragraphs 1 through 73 of the complaint.

75. Davin admitted the allegations contained in paragraph 75.

76. Davin is without sufficient information to admit or deny the allegations contained in paragraph 76.

77. Davin does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

78. Davin denies the allegations contained in paragraph 78.

79. Davin denies the allegations contained in paragraph 79.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

There was no violation of Plaintiffs' First Amendment rights or speech rights pursuant to the Constitution or laws of the United States and the Commonwealth of Massachusetts.

### Third Affirmative Defense

To the extent the Complaint seeks a claim against Davin in his official capacity, the Complaint fails as the City did not maintain an unconstitutional custom, pattern, policy or practice with respect to employment of the Plaintiffs.

### Fourth Affirmative Defense

To the extent the Complaint seeks a claim against Davin in his official capacity, the Complaint fails as the City did not maintain a well-settled municipal custom, pattern, policy or practice which by its implementation was deliberately indifferent to the constitutional rights of the Plaintiffs.

### Fifth Affirmative Defense

To the extent the Complaint seeks a claim against Davin in his official capacity, the Complaint fails as no decision or action by Davin, or any other official of the City vested with policy making authority with respect to Plaintiffs' employment, was deliberately indifferent to the constitutional rights of the Plaintiffs.

### Sixth Affirmative Defense

To the extent the Complaint seeks a claim against Davin in his official capacity, the Complaint fails as Davin was not the proximate cause of any harm to Plaintiffs.

### Seventh Affirmative Defense

To the extent the Complaint seeks a claim against Davin in his personal capacity, the Complaint fails as Davin is shielded by the doctrine of qualified immunity.

<u>Eighth Affirmative Defense</u>

To the extent the Complaint seeks a claim against Davin in his personal capacity, the Complaint fails as Davin was privileged to supervise Plaintiffs' employment based upon the legitimate business interests of the City.

<u>Ninth Affirmative Defense</u>

To the extent the Complaint seeks a claim against Davin in his personal capacity, the Complaint fails as Davin did not possess an improper motive or actual malice or was deliberately indifferent to Plaintiffs' constitutional rights in his supervision of Plaintiffs' employment.

<u>Tenth Affirmative Defense</u>

The Complaint fails to state a claim against Davin pursuant to G.L. Ch. 12, §11I as Davin did not engage in a concerted pattern of significant duress, which would put a reasonable person in fear by means of threats, intimidation or coercion.

<u>Eleventh Affirmative Defense</u>

The transfer of both Horne and Brown was justified by legitimate and non-discriminatory concerns and therefore the Plaintiffs' claims should be dismissed.

<u>Twelfth Affirmative Defense</u>

Davin acted in accordance with the Constitution or laws of the United States and the Commonwealth of Massachusetts.

<u>Thirteenth Affirmative Defense</u>

As Plaintiffs have suffered no injury, they lack standing and their complaint fails to state a case or controversy sufficient to give this Court jurisdiction to hear the Complaint.

Fourteenth Affirmative Defense

The Plaintiffs are not entitled to punitive damages.

Fifteenth Affirmative Defense

The Plaintiffs failed to establish a prima facie case with respect to their claims of discrimination based on race.

Sixteenth Affirmative Defense

Davin expressly reserves the right to amend this answer to assert any additional defenses which may subsequently come to light as a result of discovery or otherwise.

Seventeenth Affirmative Defense

Davin states that his acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore, the Plaintiffs cannot recover.

Eighteenth Affirmative Defense

Davin states that the Plaintiffs, by their conduct and actions and/or by the conduct and actions of their agents and servants, have waived any and all rights they may have had against Davin.

Nineteenth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted as it fails to show any factual connection between any alleged unconstitutional municipal custom, pattern, policy or practice of the City and the violation of the Plaintiffs' constitutional rights.

Twentieth Affirmative Defense

The Plaintiffs have not been deprived of any rights secured by either the constitution or the laws of the United States or Commonwealth of Massachusetts.

JURY CLAIM

Davin demands a trial by jury as to all counts and causes of action.

13

Respectfully submitted,
DEFENDANT, Sergeant John Davin
Merita A. Hopkins
Corporation Counsel
By their attorneys,

_____
Mary Jo Harris, Legal Advisor
BBO No. 561484
Kerri E. Tierney
BBO No. 634679
Assistant Corporation Counsel
Boston Police Department
Office of the Legal Advisor
One Schroeder Plaza
Boston, MA  02120
(617) 343-4550

### CERTIFICATE OF SERVICE

I, Kerri E. Tierney, hereby certify that on this date I served copies of the foregoing documents upon counsel for the plaintiff, Stephen A. Roach, Esquire, of Roach & Wise, LLP 31 State Street, Boston, Massachusetts 02109.

5-14-04       _____
Date