UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. :04-10718RGS

STEVEN HORNE and
RONALD BROWN,

Plaintiffs,

v.

CITY OF BOSTON,
SERGEANT ERIC BULMAN and
SERGEANT JOHN DAVIN.

Defendants.

## STIPULATION AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this action, by and through their respective counsel, enter into the following Stipulation and Protective Order.

1. With respect to the documents identified in the addendum to be annexed hereto that will hereinafter be produced through discovery, the party producing such documents shall identify or otherwise indicate such documents as being "Confidential Information." Documents containing such confidential information shall be marked as follows:

    i.   By the Plaintiffs:

    CONFIDENTIAL

    ii.  By the Defendants:

    CONFIDENTIAL

"Pursuant to Court Order in Case Number: 0410718RGS dated

_____, 2005 in the United States District Court for the District of Massachusetts."

2. A party filing Confidential Information in Court, by motion or otherwise, will request that it be placed under seal pursuant to the Stipulation and Protective Order.

3. As to the Confidential Information produced or revealed pursuant to Paragraph 1, the parties and their attorneys shall use such Confidential Information only for purposes of this litigation and for no other purposes, and shall not disclose such Confidential Information except to the following described groups of persons:

    (i) The Court, in camera or under seal;

    (ii) Attorneys of record for the parties, including their employees directly assisting said attorneys of record, persons who are working for the attorneys of record to render professional services in the litigation, persons with prior knowledge of the documents or the confidential information contained therein, and the parties;

    (iii) Experts for the parties, provided the attorney of record first informs each expert that such Confidential Information to be disclosed is confidential, is to be held in confidence and is to be used solely for the purpose of preparing for and presenting evidence in this litigation and further that these restrictions are imposed by a court order. Said experts shall be instructed that any report which is issued, prepared or compiled, which relies upon such Confidential Information, shall be deemed itself

Confidential Information and shall not be disclosed to any person other than those specified herein. Furthermore, at the close of litigation, counsel for the parties shall provide one another with the name of each expert that has reviewed or been provided a copy of the Confidential Information.

4. Each of the employees referred to in Paragraph 2(ii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree to be bound by the terms of this Order.

5. Each of the experts referred to in Paragraph 2(iii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree, in writing, to be bound by the terms of this Order. Said writing shall be held in the possession of the expert and/or the counsel until the close of litigation, and shall then be turned over pursuant to the terms of paragraph 8.

6. The attorneys for the parties, their employees and experts shall not make any copies of the Confidential Information except where expert review requires copying and each copy shall be subject to this Order. The attorneys for the parties shall be allowed to copy all material for their file and their clients.

7. The Confidential Information may be exhibited to deposition witnesses

during their depositions and they may be questioned with respect to such Confidential Information during oral depositions; provided that to the extent that the transcript of any deposition or the exhibits thereto incorporate the Confidential Information, such transcript and any such exhibit shall be subject to the terms of this Protective Order in the same manner as Confidential Information.

8. The use of the Confidential Information at trial shall be determined by the trial court, but shall not be be deemed automatically inadmissible at trial simply by virtue of being Confidential Information alone.

9. Upon final termination of the above-entitled action whether by settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Information shall continue to be binding upon all attorneys of record, their clients, employees, deposition witnesses, experts and others, unless the document becomes part of the public record at trial. Further, upon final termination of the above-entitled action, the original Confidential Information, including those portions of the deposition transcripts and deposition exhibits containing the Confidential Information and also including any and all copies made of the original Confidential Information, shall be returned to the party producing documents pursuant to the terms of this Stipulation and Protective Order upon their request within sixty (60) days.

10. This Order may be modified by further order of this Court upon application to the Court with notice.

11. Parties subject to this Protective Order shall not disclose the Confidential Information to anyone except parties, their attorneys, witnesses and experts.

12. If either party seeks to establish that documents or information (or categories of documents or information) designated as confidential, previously or in the future, are not entitled to such status and protection, that party shall inform opposing counsel of the basis of the party's objection. Within ten days thereafter, if the parties cannot resolve the dispute, the matter shall be brought before the Court for resolution. The party designating the document as confidential will bear the burden of establishing that a protective order concerning such documents or information is appropriate.

/s/ Richard G. Stearns
Honorable Richard G. Stearns
United States District Court

Dated: 4-6-05

Assented To:

    PLAINTIFFS    DEFENDANTS,

    By their attorney,    Merita A. Hopkins
                                  Corporation Counsel
                                  By their attorneys,

    s// Stephen A. Roach    s// Mary Jo Harris    s// Kerri E. Tierney

| Stephen A. Roach | Mary Jo Harris | Kerri E. Tierney |
|---|---|---|
| BBO No. 542138 | BBO No. 561484 | BBO No. 634679 |
| Roach & Wise, LLP Counsel | Morgan, Brown & Joy, LLP | Assistant Corporation |
| 31 State Street | 200 State Street | Boston Police Department |
| Boston, MA 02109 | Boston, MA 02109 | Office of the Legal Advisor |
| (617) 723-2800 | (617) 523-6666 | One Schroeder Plaza |
| | | Boston, MA 02120 |
| | | (617) 343-4550 |