# Boston Police

**CONFIDENTIAL**

Date:     09/16/99
CC#

To:        **Lieutenant Gary French, Commander, Youth Violence Strike Force**
From:      **Sergeant Eric Bulman, Supervisor, Youth Violence Strike Force**
Subject:   **Investigation of Internal Affairs complaint #2871**
Sir:

I respectfully submit, I, Sergeant Eric Bulman, I.D.#10511, conducted an investigation relative to Internal Affairs complaint #2871 against Police Officer Ronald Brown, I.D.#11937. The following is a summary of the interviews and events related to this investigation.

Upon receipt of this complaint, Officer Brown submitted a report dated 08/28/99, relative to the events which led to the arrest of the complainant, LeFaite Pierre. In this report, Officer Brown states that on August 05, 1999, he was performing a Central Artery/Tunnel. During this detail he was assigned to the area of Essex St. and Atlantic Ave., with the specific responsibility of preventing and alleviating traffic congestion in this area, which has large volumes of heavy machinery and pedestrian foot traffic. At about 1:15 PM, Officer Brown reports that he observed a white cab, medallion #363, being operated by the complainant, parked in front of the entrance of South Station. Officer Brown further reports that this cab had failed to pull up properly in the cab stand, which was now resulting in severe traffic congestion in the area.

After approaching the complainant and requesting him to pull his cab forward, the complainant responded with extreme agitation, becoming verbal abusive towards Officer Brown and his lawful request. Officer Brown then made several attempts to de-escalate and rectify the situation. Officer Brown continually informed the complainant that there was no need to become irate over this matter and for the complainant to simply pull forward. The complainant continued to belligerently express his refusal to Officer Brown's lawful request, citing a potential financial lose of customers from the station. Officer Brown was then joined by Police Officer Richard Estrella, I.D.#10061 (S.O.D./K-9 Unit), who was also working the same Central Artery detail. Officer Brown then made repeated requests for the complainant to produce his license, registration and hackney license. These repeated requests were also refused by the complainant. Officer Brown was then informed the complainant that he was now under arrest and requested him to step out of the cab. The complainant not only refused this request, but then also attempted to flee the scene.

At this point, Officer Brown reported that the complainant's escape path was blocked by Officer Estrella. Both officers then approached the complainant and ordered him out of the vehicle. Officer Brown further reports that although the complainant was still being belligerent and verbally abusive towards him, he did step out the cab and was arrested without further incident. The complainant was transported to Area A-1 for booking, where his belligerent behavior continued throughout the booking process. Officer Brown concludes his report by emphatically stating that at no time did he nor did any officer with him ever spit at the complainant or treat him disrespectfully in any manner.

On Wednesday, 09/15/99, at about 10:30 AM, I responded to 3903 Washington St.

Roslindale, which was the resident address the complainant supplied on his complaint control form, in an attempt to interview the complaint. Upon arrival, I observed the family name of Pierre on the third floor mailbox. I then proceeded to ring the third floor doorbell and eventually made contact with a black female who identified herself as Shirley Jean (DOB 12/26/66) and the ex-girlfriend of the complainant. Also present was a black female who Ms. Jean identified as the complainants sister, but refused to give any further information about. Ms. Jean stated that this apartment was belonged to the complainants mother Rosemary Jean N/F/I and that complainant did not live there. Ms. Jean further stated that she did not know where the complainant currently resided nor did she know where he worked or how to get in contact with him.

    I then returned to the Youth Violence Strike Force and had phone conversation with Officer Herman of the Hackney Carriage Unit. Officer Herman informed me that Hackney medallion #363, belonged to INTGOLICIM INC., which had a phone number of 781-721-0046. I then made repeated phone calls to this phone number in an attempt to locate the complainant, each time reaching a recording. I then attempted to reach the complainant by calling the phone number 617-524-7644, which he supplied on the complaint control form as his home phone number, which found to be disconnected.

    At about 12:00 PM, I conducted a phone interview of Officer Richard Estrella. Officer Estrella relative to this incident on 08/05/99. Officer Estrella stated to me that while working the Central Artery detail, he observed the cab, being operated by the complainant, obstructing traffic in front of South Station. Officer Estrella also stated he observed Officer Brown approach the cab and then observed the complainants combative behavior towards Officer Brown, which prompted him to assist Officer Brown. Officer Estrella confirmed Officer Browns account of this incident, including the complainants belligerent behavior, verbal abuse and refusal to move or submit his license, registration and hackney license. Officer Estrella also confirmed that the complainant attempted to flee the scene in the cab after being told he was under arrest and that he did block the cab's escape route. Officer Estrella stated that although the complainant was eventually arrested, his combative behavior continued, necessitating him to assist Officer Brown through the booking process.

    Officer Estrella also informed me that the complainant was known to him and other officers who work the Central Artery details in the downtown area. Officer Estrella stated that complainant has a history of obstructing traffic and then when confronted by the police attempts to intimidate them with his physical size and combative behavior. Officer Estrella further stated that the complainant usually continues this behavior until officers are ready to utilize various legal ultimatums with him.

    A check of the complainants Board of Probation reveals that on 04/05/93, he was arraigned in Quincy District Court for Failure to stop for a Police Officer (Docket #9356CR02550). On 10/23/93, this case was reported being dismissed. On 02/18/97, the complainant was arraigned in Quincy District Court for Operating after Suspension Docket # 9756CR0993A). The complainant received a continued without a finding disposition on this case on 08/19/97. On 08/06/99, the complainant was arraigned in Boston District Court for Refusal to Submit Docket # 9901CR3808A and Disorderly Conduct Docket # 9901CR3808B for which he was charged in this pending incident. Both of these cases currently read as dismissed at arraignment.

    On Thursday, 09/16/99, I again contacted the INTGOLICIM INC., leaving messages for the complainant to call me at the Youth Violence Strike Force. At about 3:00 PM, an individual who identified himself as Alex Rosa, called the Y.V.S.F. and left a message that I

CONFIDENTIAL

could reach the complainant on his beeper (617-263-9760). Upon my return to the Y.V.S.F., I made several attempts to page the complainant to the Y.V.S.F., all to no avail.

Based upon the facts that I have been unable to locate or speak to the complainant with the addresses and contact numbers he has supplied, along with the interviews I have been able to conduct with the Officers involved in this incident, including a review of the complainants history, I find no credibility to this complaint. The complainant has a recent and past history of failing to obey police officers and the law. The complainant became irrational and unduly belligerent at the lawful request of a Police Officer who was in full uniform, to move his cab which was obstructing traffic. This obstruction was creating a public safety hazard for the heavy construction machinery and vast pedestrian foot traffic in this extremely congested area. Based upon some perceived financial lose, the complainant made the unlawful decision to refuse Officer Browns repeated and professional requests to simply move his cab. Instead the complainant attempted to challenge and intimidate Officer Brown, in hope of keeping his illegal parking spot. Based upon the aforementioned, I request that this complaint receives an unfounded status.

Respectfully submitted;

_____
Sgt. Eric Bulman, I.D.#10511

244