UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10718-RGS

| | | |
|---|---|---|
| STEVEN HORNE and RONALD BROWN, | ) ) ) | |
| PLAINTIFFS v. CITY OF BOSTON, SGT. ERIC BULMAN, and SGT. JOHN DAVIN, DEFENDANTS | ) ) ) ) ) ) ) ) ) | PLAINTIFFS RONALD BROWN AND STEVEN HORNE'S MOTION TO STRIKE "DEFENDANTS' CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL RULE 56.1" |

Plaintiffs hereby move to strike the alleged "facts" set forth in the "Defendants' Concise Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment Pursuant to Rule 56.1." Plaintiffs' Motion is grounded on the following: (1) certain statements are irrelevant and are set forth to prejudice the Court; (2) certain statements are not supported by the record cited; (3) some facts lack foundation, are conclusory in nature, or are taken out of context; (4) some facts are statements of opinion or legal conclusions; (5) some facts contain hearsay statements or are otherwise inadmissible under the Federal Rules of Evidence; (6) **all** the facts to which the Defendants cite do not comply with Fed.R.Civ.P 56(e) and Local Rule 56.1 in that the documents on which the Defendants rely, the deposition transcripts and otherwise, are not properly authenticated, by affidavit or otherwise, by the Defendants' counsel or any other person with knowledge; (7) certain documents were not produced to the Plaintiffs under the automatic disclosure provisions of Fed.R.Civ.P. 26 and Local Rule 26.2; and (8) the alleged 108 areas of "concise facts" are not concise in compliance with Local Rule 56.1 and

1

contain many statements taken out of context which forced the Plaintiffs to go into detail to set forth the entire truth of the matter in the Plaintiffs' Statement of Facts.

Accordingly, the Plaintiffs move to strike some, if not all, of the Defendants' "Concise Facts" and request that the "Plaintiffs' Concise Statement Of Disputed And Undisputed Material Facts Pursuant To Local Rule 56.1 In Opposition To The Motion For Summary Judgment of Defendants Sgt. Eric Bulman And Sgt. John Davin" be deemed as admitted.

Plaintiffs specifically move to strike the "facts" the Defendants assert as follows:

1. The reference in Defendants' Facts 1, as to the use of the term "paramilitary organization" with regard to the Boston Police Department ("BPD") as a self-proclaimed "paramilitary organization," a term which carries no legal significance as to the rights of the Plaintiffs and, as a term, has no independent legal meaning. The BPD police officers, like all other citizens, are entitled to protection of employment rights in employment, civil rights and otherwise. See Perez v. Pierluisi, 339 F.3d 43, 50-51 (1st Cir. 2003); Forsyth v. City of Dallas, 91 F.3d 769 (5th Cir. Tex. 1996)(police officers assert successful civil rights claims due to a transfer); DelSignore v. DiCenzo, 767 F.Supp. 423 (D. RI 1991) (same).

2. The Defendants' Facts 5 about the alleged "felony offenses" as to Plaintiff Ronald Brown is irrelevant to the Plaintiffs' claims, at least as to liability, is based on facts that occurred **well after** the facts which form the basis of this suit, and is intended to, and tends to, prejudice the Court against Brown. See Fed.R.Evid. 401-403. It should be noted that the matter is under review. The Court should disregard it as both irrelevant and immaterial in any way to this matter.

3. For the same reasons set forth above in number 2, the Defendants' Facts 5 that Plaintiff Ronald Brown's employment with the City of Boston was terminated.

4. The Defendants Facts 11, which states that the Commissioner has an "inherent right" to deploy officers, constitutes an impermissible conclusion of law, not a fact. See Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 99 (1st Cir. 1997); Chambless v. Masters, Mates & Pilots Pension Plan, 571 F. Supp. 1430 (D.N.Y. 1983).

5. The record to which the Defendants cite does not support the statements in Defendants Facts 22, and it there is no foundation as to the meaning of "this statement" to which the Defendants refer.

6. The third sentence of the Defendants' Facts 25 is not supported by the record to which the Defendants cite with their filings. Even if it were with their filings, it is **not** entirely accurate, as set forth and fully explained in the Plaintiffs' Facts.

7. As to the alleged facts of Defendants' Facts 30, the record to which the Defendants cite do not contain the pages cited. As to the pages the Defendants do cite, which the Plaintiffs have enclosed with their Opposition filings and exhibits, the facts as the Defendants have presented them are not accurate as presented, as explained in the Plaintiffs' Facts.

8. The record on which the Defendants rely as to Defendants' Facts 32 regarding off duty arrests is **devoid** as to any discussion of off duty arrests.

9. The Defendants' Facts 33 are **not** supported by the record to which the Defendants cite.

10. The statements of the Defendants' Facts 34 are not supported by the record to which the Defendants refer. The record to which the Defendants cite do not contain the pages cited. Furthermore, the statement that "Bulman shared his observations of the plaintiffs' reluctance to share information" lacks foundation, is vague as to with whom Bulman allegedly "shared his observations" and, is otherwise admissible in that it lacks foundation, constitutes and

3

inadmissible opinion (see Fed.R.Evid. 701) and is conclusory.

11. The statements of the Defendants' Facts 35 as to Lt. French's statement to Bulman that the Plaintiffs "wouldn't share that information not only with Eric but with other members of the unit" lacks foundation, is conclusory and is inadmissible.

12. The statements of the Defendants' Facts 37 as to "teeth pulling" lacks foundation, is conclusory, constitutes an opinion and is inadmissible.

13. As to the Defendants' Facts 44 statement that "a spate of violence erupted in Dorchester High School," the record they cite does not support the statement.

14. As to the first sentence of paragraph 45 of the Defendants, the record to which they cite does not support it.

15. As to the statement in Defendants' Facts 51 that "a number of YVSF officers" attended the meeting, the record to which the Defendants' cite do not support it.

16. As to the statement in Defendants' Facts 67 that Foley "addressed the issues that were brought up during the early months of 2000", there is no foundation, it is conclusory, is vague and contains no specific as to the "issues" allegedly "addressed."

17. The Defendants' Facts 73 statement that Brown did "not bring [abuse of black citizens] to the attention of any supervisor" misstates the Defendants' record in that Brown did not "at that time" bring it to a supervisor's attention. **Defendants Facts, Ex. 3 at 70.**

18. Defendants Facts 80 as to Davin's opinion lacks foundation, does not qualify as an expert, sets forth no facts underlying the basis for Davin's opinion, and is not admissible under Fed.R.Evid. 701.

19. Defendants Facts 86 as to Davin's opinion lacks foundation, does not qualify as an expert, sets forth no facts underlying the basis for Davin's opinion, and is not admissible under

Fed.R.Evid. 701.

20. The Defendants' Facts 96 statement that " the Chelsea Police Department called the YVSF to complain" about Horne's off duty arrest should be stricken because the record the Defendants cite does not support it, and it is not supported anywhere in the record.

21. Defendants' Facts 98 suggesting that Horne made three off-duty arrests should be stricken because the record to which the Defendants' cite (Defendants' Ex. 11 - "police reports") do not establish that the arrests were "off duty arrests." There is no foundation for such a statement that they were "off duty arrests." In fact, one alleged off-duty arrest to which the Defendants cite, where Horne "activated himself" (last report of Defendants' Ex. 11) was shown in deposition to Lt. Foley who denied that such terms mean that Horne was off duty. **Plaintiffs' Ex. 8, at 253-255 (Roach Decl. Ex. 8, Foley Dep. at 253-255); Plaintiffs' Ex. 15 (Roach Decl. Ex. 15, at 3 (Davin Dep. Ex. 23)).**

22. Defendants' Facts 99 statement that "Foley knew that Brown was involved in a romantic relationship with his clerk" should be stricken because it is based on hearsay, lacks foundation, and is not supported by the record. It is also irrelevant in that, even if true, the BPD admits that there was no BPD Rule against employees dating each other. **Plaintiffs' Ex. 10, at i67 (Roach Decl. Ex. 10 (Dowd Dep., at 167).**

23. Defendants' Facts 100-103 should be stricken in their entirety because Foley admitted that he "threw away" his file which would have had information on the Plaintiffs' transfer which is one of the central issues in this case. **Plaintiffs Ex. 8, Foley Dep. 99-100, 118-119, 187-188, 346-347.** At a minimum, the Plaintiffs are entitled to an adverse inference against the Defendants on this point under the spoilation of evidence rule. See Testa v. Wal-Mart Stores, Inc., 144 F.3d 173, 176-178 (1st Cir. 1998).

24. Plaintiffs object to and move to strike the Defendants Facts 108 and Defendants' Exhibit 12, as it has not been produced to Plaintiffs, in violation of the automatic disclosure provisions of Fed.R.Civ.P. 26 and Local Rule 26.2.

25. The entire contents of the Defendants' Facts should be stricken in that the documents on which they are based have not been authenticated, by affidavit or otherwise, by Defendants' counsel or another, under Fed.R.Civ.P. 56(e) and Local Rule 56.1.

PLAINTIFFS STEVEN HORNE AND
RONALD BROWN,
By their Attorney,

/s/ Stephen A. Roach
Stephen A. Roach, Esq.
ROACH & WISE, LLP
31 State Street
Boston, MA 02109-2705
(617) 723-2800

November 25, 2006

## LOCAL RULE 7.1 CERTIFICATION

I, Stephen A. Roach, Attorney for the Plaintiffs, certify that I conferred with counsel for Defendants in a good faith attempt to resolve or narrow this issue related to the within Motion.

Stephen A. Roach

## CERTIFICATE OF SERVICE

I, Stephen A. Roach, Attorney for Plaintiff, hereby certify that on November 25, 2006, I served Defendants with the within document by causing a copy of the same to be mailed and faxed to their counsel of record and to be served electronically.

s/Stephen A. Roach
Stephen A. Roach