UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

                                                                                                                        CIVIL
                                                 ACTION NO. 04-10718-RGS

| | |
|---|---|
| STEVEN HORNE and ) | |
| RONALD BROWN, ) | |
| ) | **MOTION OF PLAINTIFFS STEVEN HORNE** |
| PLAINTIFFS ) | **AND RONALD BROWN   TO AMEND** |
| v. ) | **OR  ALTER JUDGMENT** |
| ) | |
| CITY OF BOSTON, ) | |
| SGT. ERIC BULMAN, and ) | |
| SGT. JOHN DAVIN, ) | |
| ) | |
| DEFENDANTS ) | |

Pursuant to Fed. R. Civ. P. 59(e), the Plaintiffs move that the Court amend its Judgment dated September 19, 2007 relative to the Motion for Summary Judgment of Defendants Eric Bulman ("Bulman) and John Davin ("Davin").  A party may file a Fed. R. Civ. P. 59(e) Motion to Amend or Alter Judgment for manifest injustice, among other grounds.  See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7, n. 2 (1st Cir. 2005).

Plaintiff Steven Horne ("Horne") set forth facts in the Complaint showing that he was discriminated against when the Boston Police Department denied his request for a transfer to the Drug Control Unit in Area C-6, but then later transferred Officer James Rattigan into that same unit. **Complaint at ¶ 32.**  Horne requested the transfer to the Drug Control Unit, a more desirable position than routine patrol work, on July 25, 2001, after he was transferred from the Youth Violence Strike Force ("YVSF").  Rattigan, who is white, was also transferred out of the YVSF.  Unlike Horne, Rattigan was transferred for insubordination.  **Id.**  The denial of Horne's

1

request was the subject of a Massachusetts Commission Against Discrimination complaint that was served upon the Defendant City of Boston ("the City"). The City did not move to dismiss this allegation, or any other, in the Motion for Summary Judgment filed by Bulman and Davin. Neither the Defendants in their Motion for Summary Judgment nor the Court in its Memorandum and Order addressed these facts, and discovery was not completed on this issue.[1] This issue, to the Plaintiffs' knowledge to date, did not directly include acts by Davin or Bulman. Neither the Defendants nor the Plaintiffs briefed or argued on Summary Judgment, and Court did not address, Horne's allegation as to his request as to the Drug Unit.

The Court bifurcated the discovery against the City from those claims against Bulman and Davin, and the Defendants Bulman and Davin in their Motion for Summary Judgment stated "[t]he plaintiffs' claims against the City of Boston have been bifurcated from the claims against the individual defendants, and those claims are not at issue here."

The Plaintiffs did not specifically discuss the denial of Horne's Drug Control Unit request within their Counts, but they did incorporate all facts by reference in their Complaint into each Count against the City, Counts One Three and Four. There is no heightened pleading requirement under federal law in employment discrimination claims. See generally, Jones v. Bock, — U.S. —, 127 S.Ct. 910, 919 (2007); Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 65 (1st Cir. 2004); Gorski v. New Hampshire Dept. Of Corrections, 290 F.3d 466, 473 (1st Cir. 2002).

---

[1] It should be noted that some questioning of a City supervisor (Lt. Foley) was conducted. See D. Ex.. 7 at 474; P. Ex. 8 at 474. Discovery on this issue, however, including the depositions, for example, of Officer James Rattigan and Sgt. Paul Murphy, was not completed. Also, at least as the Plaintiffs' counsel can read from the Horne deposition, or recall, there was

2

The City did not move for Summary Judgment, but the Court *sua sponte* dismissed the

---

no questioning of Horne on this topic in his deposition. See D Ex. 1; P Ex.1.

Plaintiffs' claims against the City.  The Plaintiffs will otherwise address the Judgment entered as to the City, Davin and Bulman on any appeal they may file and, by this Motion, the Plaintiffs do not waive, and specifically reserve, their right to appeal the Court's Judgment on its dismissal of Counts One, Three, and Four against the City or the dismissal of any of the Counts against Davin and Bulman.[2]  With respect to Horne's claims against the City on the Drug Unit issue, however, the Plaintiffs respectfully request this Court to amend and alter its Judgment on the Motion for Summary Judgment by Davin and Bulman to except the City of Boston from Judgment on Counts One, Three, and Four, and to allow Plaintiff Steven Horne's discrimination claim after the denial of his request for transfer into the Drug Control Unit proceed to trial on the merits, subject to a Motion for Summary Judgment by the City or the Plaintiffs at either side's election, after discovery is completed on it.

                              PLAINTIFFS,
                              STEVEN HORNE,
                              RONALD BROWN,
                              By their attorney,

                              /s/ Stephen A. Roach
                              Stephen A. Roach,  BBO# 542138
                              ROACH & WISE, LLP
Dated: September 28, 2007           50 Congress Street, Suite 400
                              Boston, MA 02109-4061
                              (617) 723-2800

---

[2] In that regard, the Plaintiffs respectfully state that the Court seemed to assume in dismissing the City that the basis of the Plaintiffs' claims against the City rest solely on the holding of the line of cases under Monnell v. New York City Department of Social Services, 436 U.S. 658 (1978), which they do not.  The Plaintiffs claims also do not rest solely on the liability of their immediate supervisors Davin and Bulman. For example, the City can be liable under Title VII or M.G.L. Chapter 151B for the action of other supervisors or co-workers.  See, e.g., Rosemond v. Stop and Shop Supermarket Company, 456 F.Supp.2d 204, 217-219 (2006)(Claims against employer for actions of co-workers survives summary judgment).

4

4

## LOCAL RULE 7.1 CERTIFICATION

I, Stephen A. Roach, Attorney for the Plaintiffs, certify that I conferred with counsel for the Defendants in a good faith attempt to resolve or narrow this issue related to the within Motion.

/s/ Stephen A. Roach
Stephen A. Roach

## CERTIFICATE OF SERVICE

I, Stephen A. Roach, Attorney for Plaintiffs, hereby certify that on September 28, 2007, I served the Defendants with this document by causing copies of the same to be mailed to their counsel of record and served electronically.

/s/ Stephen A. Roach
Stephen A. Roach