UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN HORNE, )<br>RONALD BROWN )<br> )<br>   Plaintiffs )<br>v. )<br> )<br>CITY OF BOSTON, )<br>SERGEANT ERIC BULMAN, and )<br>SERGEANT JOHN DAVIN, )<br> )<br>   Defendants )<br> ) | C.A. No. 04-10718-RGS |

### DEFEENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
### TO ALTER OR AMEND THE JUDGMENT

Defendants oppose Plaintiffs' Motion to Alter or Amend the Judgment, which appears to be brought because a single allegation (namely, Plaintiff Steven Horne's disgruntlement at not being transferred into the Drug Control Unit, and belief that the selection of a white officer for that Unit was somehow evidence of discrimination against Horne) of the Plaintiffs' Complaint was not addressed in the summary judgment motions briefed and argued to the Court. The Defendants oppose Plaintiffs' Motion because the Court fully addressed all legal theories presented at Summary Judgment, and correctly concluded that the Plaintiffs failed to show any actionable conduct on part of the named Defendants, and in particular, failed to establish that any employment action was taken against them because of their speech or because of racial bias. Having failed to establish a prima facie case on any count pled in the complaint, summary judgment properly issued for the Defendants.

Plaintiffs' argument that a single allegation in the complaint was not expressly addressed and therefore, a portion of the case remains active is unsupportable. First, the

subject of Defendants' motivations was fully briefed. Second, the issue of the Plaintiffs' dismay over transfers generally was also addressed. See Defendants' Memorandum of Law in Support of Summary Judgment, at section B. The District Court properly found that Plaintiffs failed to establish their prima facie case with regard to any of the claims made in the complaint. Finally, Plaintiffs failed to raise the allegation in response to the Defendants' Motion for Summary Judgment, thus waiving further argument on this single allegation now.

A litigant's failure to explicitly raise an issue before the district court forecloses that party from raising the issue on appeal, and this rule applies equally to situations where plaintiff raises an issue in the complaint, then fails to address it as part of his summary judgment argument. *Rocafort v. IBM Corporation,* 334 F.3d 115, 121 (1st Cir. 2003). A party has a duty "to incorporate all relevant arguments in the papers that directly address a pending motion." *Id.*, citing *CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.*, 97 F.3d 1504, 1525-26 (1st Cir. 1996). *See also MacDonald v. Gould*, 1990 WL 150006 (D.Mass. 1990) (citing requirements of Local Rule 56.1).

There is no legal support for Plaintiffs' argument that this single allegation is somehow exempt from the Court's summary judgment ruling on all claims pled in the complaint because discovery "was not completed on this issue," *see Plaintiffs' Memorandum* at p. 2, and indeed, Plaintiffs proffer no support for this position. Had the Plaintiffs believed that further discovery was necessary in order to oppose Defendants' motion, the appropriate relief would have been to seek leave to conduct it pursuant to Fed.R.Civ.P. Rule 56(f). *See Ayala-Gerena et al. v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 92 (1st Cir. 1996).

If Plaintiffs believed that Horne's allegations about the denied transfer to the Drug Control Unit was evidence of unconstitutional retaliation, race discrimination, or some

other form of unlawful employment practice that supported Plaintiffs' case, that argument should have been made at summary judgment. *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). Plaintiffs present no grounds that would justify relief under Fed.R.Civ.P. Rule 59(3)[1].

                                          RESPECTFULLY SUBMITTED,
                                          ERIC BULMAN and JOHN DAVIN
                                          By their attorneys,

                                          __/s/ Mary Jo Harris _____
                                          Special Assistant Corporation Counsel
                                          BBO # 561484
                                          Morgan, Brown & Joy, LLP
                                          200 State Street
                                          Boston, MA 02109
                                          (617) 523-6666

Dated: October 4, 2007

---

[1] It is unclear whether Plaintiffs also seek to alter or amend the judgment to revive the case against the City defendant. *See Plaintiffs' Memorandum* at note 2. To the extent Plaintiffs do seek such relief, the City opposes it, and relies on the District Court's opinion as to the viability of constitutional or state law claims against the City in the absence of any evidence of retaliation or discrimination by the City actors.

## CERTIFICATE OF SERVICE

   I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Electronic Case Filing system (ECF) this 4th day of October, 2007.

                                              /s/ Mary Jo Harris
                                              Mary Jo Harris